IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY LOPES                          :
210 E. FAIRFAX STREET, # 203
FALLS CHURCH, VA 22046                 :

      PLAINTIFF                       :          JURY TRIAL DEMANDED

          v.                   :          Civil No.:

JETSETDC, LLC                          :
6167 CAMELBACK LANE
COLUMBIA, MD 21045                     :

AND                                    :

LOTUS LOUNGE DC                        :
1420 K STREET NW
WASHINGTON, DC 20005                   :

AND                                    :

MARK SPAIN                             :
6167 CAMELBACK LANE
COLUMBIA, MD 21045                     :

AND                                    :

COREY LAWRENCE MOXEY                   :
AKA "DOMINIQUE" MOXEY
1439 EUCLID STREET NW                  :
APT. 206
WASHINGTON, DC 20009                   :

AND                                    :

INNER CIRCLE 1420, LLC                 :
97 DANBURY STREET SW
WASHINGTON, DC 20032                   :

AND                                    :

DAVID MCLEOD                           :
1420 K STREET NW
WASHINGTON, DC 20005                   :

AND                                    :

JANE DOE                               :
AKA "MIKA AVEY"

                                       :

        DEFENDANTS                     :


## COMPLAINT

TO THE HONORABLE JUDGES OF SAID COURT:

        COMES NOW, the Plaintiff, Anthony Lopes, (hereinafter "Plaintiff" and/ or "Mr. Lopes") by

and through undersigned counsel, Spencer M. Hecht and the law firm of Hecht & Associates, LLC,

and hereby sues the Defendants, JETSETDC, Mark Spain, Dominique Moxey, Lotus Lounge DC, the

Michael Romeo Group, LLC, and Jane Doe, also known as "Mika Avey" (hereinafter "Defendants")

for damages.  In support of his causes of action against the Defendants, jointly and severally, Plaintiffs

aver the following:

### The Parties

        1.      The Plaintiff, Anthony Lopes, is a citizen and resident of Falls Church, Virginia.

        2.      Upon information and belief, the Defendant JETSETDC, LLC (hereinafter

"JetSet"), is a corporation existing under the laws of the state of Maryland with its principal

office located at 6167 Camelback Lane, Columbia, Maryland 21045.  JetSet is a D.C. nightlife

promotions and event planning corporation.  According to the Maryland State Department of

Assessments and Taxation, the Defendant's resident agent is Paul W. Gardner, II, 10 North

Calvert Street, Suite 735, Baltimore, MD 21202.

        3.      Upon information and belief, the Defendant Lotus Lounge DC (hereinafter "Lotus

Lounge") is a business operating in the District of Columbia as Lotus Lounge, which is located at

1420 K Street, Northwest, Washington, DC 20533.  Lotus Lounge operates as a night club and lounge, and, by information and belief, is owned by Defendant Michael Romeo Group, LLC.

4.      Upon information and belief Defendants Corey "Dominique" Moxey and Mark Spain are the owners and operators of JetSet, and are alter egos of this corporation.  Upon information and belief substantial ownership of corporate stock is concentrated in one person or a few persons, corporate formalities have been disregarded,  and other factors support disregarding the corporate entity.

5.      Upon information and belief the Defendant Inner Circle 1420, LLC (hereinafter "Inner Circle"),  is a corporation existing under the laws of the District of Columbia with its principal office at 97 Danbury Street Southwest, Washington, D.C., 20032.  Upon information and belief, the said Defendant's resident agent is Tyrone Thomas, 97 Danbury Street Southwest, Washington, D.C., 20032.  Upon further information and belief, Defendant Inner Circle owns and operates Lotus Lounge DC.

6.      Upon information and belief the Defendant David McLeod is an owner and operator of Lotus Lounge DC.

7.      Upon information and belief, JetSet has a business relationship with Lotus Lounge, Inner Circle, and Michael Romeo Group, and is thoroughly involved in the management, staffing, and events at Lotus Lounge.

8.      By information and belief Defendant Jane Doe, also known as "Mika Avey" is a citizen and resident of the Washington, D.C. metropolitan area.  At all relevant times herein, she was employed by JetSet, Michael Romeo Group, LLC, Inner Circle, Lotus Lounge, Spain and Moxey (hereinafter collectively referred to as "employer Defendants") as a hostess and as security personnel at Lotus Lounge.  Additionally, she is Defendant Moxey's niece.

Jurisdiction and Venue

9.     This Honorable Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and the amount in controversy exceeding $75,000.00

10.     Venue is appropriate pursuant to 28 U.S.C. § 1391 (b)(2) as the events giving rise to the claim occurred in the District of Columbia.

Facts Common to All Counts

11.     On or about December 27, 2012, Mr. Lopes was an invitee and was lawfully and peacefully present in Lotus Lounge, for the purpose of servicing one of his automated teller machines (hereinafter "ATM"). By way of background, Mr. Lopes is the owner/operator of an ATM business, and one of his ATMs is located within Lotus Lounge, and has been since 2009. Because Mr. Lopes is the only individual who services the ATM in Lotus Lounge, he is recognized and known by most of the establishment's managers and staff.

12.     After being admitted through the exit gate by security, Mr. Lopes was admitted entrance to Lotus Lounge. While on his way to service said ATM, Mr. Lopes came to the entrance/foyer area near the stairwell, at which point he passed the hostess, Defendant Jane Doe. Defendant Doe then followed Mr. Lopes and stopped him on the landing, grabbing his jacket and stating "Who do you think you are?" Defendant Doe then informed Mr. Lopes that she was the hostess and that Mr. Lopes needed her permission to walk past her post. She also maintained that she needed to be paid the entrance fee, or cover charge, in order for Mr. Lopes to proceed. Mr. Lopes suggested involving the manager, Vic, to assist in the matter. Upon Vic's arrival, Ms. Doe began screaming about her dissatisfaction with the situation. Vic then told Mr. Lopes to proceed with servicing the ATM, and Mr. Lopes walked to the lower level of the lounge without further issue.

13.     After servicing his ATM and while approaching the exit (and Defendant Doe), Mr.

Lopes heard Defendant Doe spewing racial insults at him.  In order to exit the lounge, Mr. Lopes

needed to pass by Defendant Doe.  As Mr. Lopes was nearing Defendant Doe, Doe continued to curse,

direct racially-charged insults at him, and assert that she was going to receive the cover charge.  At

this point, Mr. Lopes took out his phone in an attempt to take Defendant Doe's picture.  At this point,

Defendant Doe slapped Mr. Lopes' phone out of his hands, and began to violently and forcefully

punch and hit his face and head numerous times with a closed fist.  During this battery, Mr. Lopes was

hit in the left eye with a closed fist.  Very quickly, security pulled the two out of the foyer and

separated them.  During this incident Lopes did not strike or attempt to strike Defendant Doe in any

way.

14.     Immediately following the incident, Mr. Lopes felt significant pain about his head and

face, and in his left eye in particular.  Mr. Lopes experienced swelling and a distinctive tremor in his

left eyelid.  Mr. Lopes went to retrieve his phone and found it in the hands of Defendant Doe, who was

deleting her picture from his phone.  Mr. Lopes was again insulted by Ms. Doe, retrieved his phone,

and left Lotus Lounge.

15.     Mr. Lopes initially believed that his injuries would heal and waited a couple of days

before he sought medical attention.  The aforementioned attack has caused, among other injuries,

significant vision issues in Mr. Lopes' left eye, an entrapped nerve, temporomandibular joint disorder,

continuous pain on the left side of Mr. Lopes' face, frequent headaches, and mental trauma.  As a

result, he has received and continues to receive necessary treatment and is under continuing care from

ophthalmologists, a dentist, a neurologist, and a mental health professional.  Said injuries have been

and continue to be a major interference in Mr. Lopes' work and personal life, negatively impacting his

ability to operate his business, and greatly diminishing his quality of life.

16.     Mr. Lopes sustained severe, traumatic, painful and permanent injuries to his person, and organs, and said injuries have interfered and prevented him from engaging in his normal and customary employment, avocation and pursuits for a period of time, all which have caused Mr. Lopes great physical pain and suffering.

## Count One: Assault
### (Defendant Doe)

17.     Mr. Lopes incorporates and re-alleges the allegations contained in paragraphs 1-16 herein.

18.     While in the entrance area, Defendant Doe's words and conduct caused Mr. Lopes to be in apprehension of imminent bodily harm, and an imminent battery.

19.     Defendant Doe acted with the intent and capability to do harm to Mr. Lopes, and her conduct was perpetrated with actual or implied malice.

20.     As a direct and proximate result of Defendant Doe's conduct and actions, the Plaintiff has suffered, and will continue to suffer in the future, severe, traumatic, and painful injuries to his person and organs.  Additionally, said injuries have interfered with Mr. Lopes' normal and customary employment and avocations, caused Mr. Lopes mental anguish, and caused Mr. Lopes to incur medical and other related expenses, attorney's fees, and loss of income.

WHEREFORE, the Plaintiff, Anthony Lopes, demands judgment against the Defendants, jointly and severally, in the amount of One Million Dollars ($1,000,000.00) in compensatory damages, and One Million Dollars ($1,000,000.00) in punitive damages, plus interest, costs, and reasonable attorney's fees.

## Count Two: Battery
(Defendant Doe)

21.     Mr. Lopes incorporates and re-alleges the allegations contained in paragraphs 1-20 herein.

22.     Defendant Doe's actions and conduct constituted an intentional, offensive, and non-consensual touching of the Plaintiff which was undertaken deliberately and with actual or implied malice.

23.     As a direct and proximate result of Defendant Doe's conduct and actions, the Plaintiff has suffered, and will continue to suffer in the future, severe, traumatic, and painful injuries to his person and organs.  Additionally, said injuries have interfered with Mr. Lopes' normal and customary employment and avocations, caused Mr. Lopes mental anguish, and caused Mr. Lopes to incur medical and other related expenses, attorney's fees, and loss of income.

WHEREFORE, the Plaintiff, Anthony Lopes, demands judgment against the Defendants, jointly and severally, in the amount of One Million Dollars ($1,000,000.00) in compensatory damages, and One Million Dollars ($1,000,000.00) in punitive damages, plus interest, costs, and reasonable attorney's fees.

## Count Three: Negligence
(Employer Defendants)

24.     Mr. Lopes, incorporates and re-alleges the allegations contained in paragraphs 1-23 herein.

25.     Employer Defendants had a duty to use reasonable care to protect its invitees from harm caused by its employees acting within the scope of their employment.  Said Defendants had actual or constructive knowledge that that Defendant Doe had limited or no experience wherein she was interfaced with customers on an extensive and daily basis at the time she was hired.  Furthermore,

said employer Defendants had actual or constructive knowledge of Defendant Doe's difficult personality, temper, and impulsiveness.

26.     The employer Defendants failed to employ the appropriate safeguards and take the steps necessary to ensure their invitees of Lotus Lounge would be protected from harm caused by an employee acting within the scope of their employment.  The aforesaid failures constitute a breach of the employer Defendants' duty.

27.     As a direct and proximate result of the employer Defendants' negligence, and such other and further negligent lapses, breaches and omissions that may be discovered and proven during trial, Plaintiff Lopes was caused to suffer the harm as more fully described in this Complaint.

WHEREFORE, the Plaintiff, Anthony Lopes, demands judgment against the Defendants, jointly and severally, in the amount of One Million Dollars ($1,000,000.00) in compensatory damages, and One Million Dollars ($1,000,000.00) in punitive damages, plus interest, costs, and reasonable attorney's fees.

Count Four: Negligent Hiring and Retention
(Employer Defendants)

28.     Mr. Lopes, incorporates and re-alleges the allegations contained in paragraphs 1-27 herein.

29.     The employer Defendants had a duty to use reasonable care to select an employee who was competent and fit to perform the duties of a hostess.  Said Defendants had actual or constructive knowledge that that Defendant Doe had limited or no experience wherein she was interfaced with customers on an extensive and daily basis at the time she was hired.  Furthermore, said employer Defendants had actual or constructive knowledge of Defendant Doe's difficult personality, temper, and impulsiveness.  The employer Defendants failed to check references or to perform a basic background check.

30.     That, furthermore, prior to putting Defendant Doe to work at the Lotus Lounge as the VIP hostess, the employer Defendants failed to provide her with any type of customer service or customer relations training or instructions on how to handle customers or other personnel encountered on the job.

31.     A reasonable and prudent employer would not have ignored such indications of Defendant Doe's unfitness for such duties.  The employer Defendants knew, or should have known, that a hostess at the Lotus Lounge nightclub would have to confront and be in contact with members of the public.  By way of his ATM business, Plaintiff Lopes had an ATM located in the Lotus Lounge. It was forseeable that Plaintiff Lopes would encounter a host or hostess while en route to service his ATM.  Therefore, the employer Defendants owed a duty to use reasonable care to the Plaintiff when hiring a hostess, and such duty was breached.

32.     The employer Defendants knew, or should have known, that Defendant Doe was not competent or fit for the duties of a hostess.  The employer Defendants breached their duty to use reasonable care to select and train an employee that was competent and fit for the position.

33.     As a direct and proximate result of the employer Defendants' negligence, and such other and further negligent lapses, breaches and omissions that may be discovered and proven during trial, Plaintiff Lopes sustained severe and permanent injuries and damages.  Additionally, said injuries have interfered with Mr. Lopes' normal and customary employment and avocations, caused Mr. Lopes mental anguish, and caused Mr. Lopes to incur medical and other related expenses, attorney's fees, and loss of income.

WHEREFORE, the Plaintiff, Anthony Lopes, demands judgment against the Defendants, jointly and severally, in the amount of One Million Dollars ($1,000,000.00) in compensatory damages,

and One Million Dollars ($1,000,000.00) in punitive damages, plus interest, costs, and reasonable attorney's fees.

Count Five: Negligent Supervision
(Employer Defendants)

34.     Mr. Lopes, incorporates and re-alleges the allegations contained in paragraphs 1-33 herein.

35.     The employer Defendants had a duty to not only use reasonable care to select an employee who was competent and fit to perform the duties of a hostess, but also to properly train and insure that the employee's work and interactions with customers and other personnel were properly supervised.  Furthermore, said employer Defendants had actual or constructive knowledge of Defendant Doe's difficult personality, temper, and impulsiveness.

36.     A reasonable and prudent employer would not have left the VIP hostess unsupervised. The employer Defendants knew that the VIP hostess would be likely to confront and be in contact with members of the public.  It was foreseeable that Plaintiff Lopes would come into contact with the VIP hostess.  Therefore, the employer Defendants owed a duty to use reasonable care to the Plaintiff to properly hire, train, and supervise their host personnel, and such duties were breached.

37.     As a direct and proximate result of the employer Defendants' breach, and such other and further negligent lapses, breaches, and omissions that may be discovered and proven during trial, Plaintiff Lopes was caused to suffer the harm as more fully described in this Complaint.

WHEREFORE, the Plaintiff, Anthony Lopes, demands judgment against the Defendants, jointly and severally, in the amount of One Million Dollars ($1,000,000.00) in compensatory damages, and One Million Dollars ($1,000,000.00) in punitive damages, plus interest, costs, and reasonable attorney's fees.

## Count Six: Respondeat Superior/Agency
### (Employer Defendants)

38.     Mr. Lopes, incorporates and re-alleges the allegations contained in paragraphs 1-37 herein.

39.     By information and belief, at all times relevant hereto, Jane Doe was employed by Defendants JetSet, Spain, Moxey, Lotus Lounge, and the Michael Romeo Group as she was a hostess and security personnel for Lotus Lounge on the evening of December 27, 2012.

40.     That on December 27, 2012, between 11:00pm and 11:59pm Jane Doe intentionally and viciously beat and battered Plaintiff Lopes causing him to sustain severe injuries, as more fully described in paragraph 15, *supra*.

41.     Defendant Doe's conduct was substantially certain to cause a harmful and offensive contact to the person of Plaintiff Lopes.

42.     Said conduct was intended to cause harm and injury to Plaintiff Lopes.

43.     Plaintiff Lopes did, in fact, suffer a harmful and offensive contact as a direct result of Defendant Doe's conduct.

44.     In doing the acts alleged herein, Defendant Doe used the power and authority conferred upon her by the employer Defendants as security staff and a hostess to act as the gatekeeper for the VIP area.  It was Defendant Doe's duty to regulate the ingress and egress into the Lotus Lounge and collect the appropriate cover charge for those entering the lounge.  It was predictable and foreseeable, given the employer Defendants' negligent hiring and supervision of Defendant Doe, that she would abuse the power and authority the employer Defendants conferred upon her by engaging in battery.  As such, Defendant Doe's conduct is incident to her agency with the employer Defendants, so as to be fairly attributable to the employer Defendants.

45.     As a further direct and proximate result of Defendant Doe's conduct, Plaintiff Lopes was caused to suffer the harm as more fully described in this Complaint.

46.     The above described acts of Defendant Doe were a direct outgrowth of her instructions and job assignments to act as gatekeeper for the lounge and collect the entrance fee.  Doe's actions were actuated by a desire to serve the employer Defendants' interests, committed within the scope of employment with the employer Defendants, while on duty, inside of the employer Defendants' place of business and in furtherance of the employer Defendants' interests.

47.     As the employer of Defendant Doe, Defendants JetSet, Spain, Moxey, Lotus Lounge, and the Michael Romeo Group are responsible for all of the acts committed by an employee within the scope of their employment.

WHEREFORE, the Plaintiff, Anthony Lopes, demands judgment against the Defendants, jointly and severally, in the amount of One Million Dollars ($1,000,000.00) in compensatory damages, and One Million Dollars ($1,000,000.00) in punitive damages, plus interest, costs, and reasonable attorney's fees.

<u>Count Six: Defamation</u>
(Defendant Doe)

48.     Mr. Lopes incorporates and re-alleges the allegations contained in paragraphs 1-47 herein.

49.     Following the incident more fully described in paragraph 13, *supra*, Defendant Doe has, by information and belief, been telling numerous individuals and entities that the Plaintiff attacked and battered her.

50.     By information and belief, Defendant Doe's has referred to Plaintiff Lopes by name, and she has been understood by those whom she spoke with.

51.     Defendant Doe's statements that the Plaintiff attacked and battered her are completely false.

52.     Defendant Doe's statements are slanderous on their face.  They expose Plaintiff Lopes to hatred, contempt, ridicule, and obloquy because they charge the Plaintiff, a white male, with attacking and battering an African American female.

53.     Defendant Doe's words have been heard and understood by Joe Agular, numerous members of security staff who work at Lotus Lounge and other venues in Washington D.C., and other persons whose identities will be furnished through the course of this case.

54.     Defendant Doe published the statement without privilege to a third party. Furthermore, Defendant Doe's statements were published with malice, hatred and ill will toward Plaintiff Lopes and the desire to injure his reputation.  Because of Defendant Doe's malice in publishing, Plaintiff Lopes seeks punitive and compensatory damages in a total amount of Two Hundred Thousand Dollars ($200,000.00).

55.     As a proximate result of the above-described slander, Plaintiff Lopes has suffered loss of his reputation, good name, shame, mortification, significant injury to his business, all to his damage in a total amount to be established by proof at trial.

WHEREFORE, the Plaintiff, Anthony Lopes, demands judgment against Defendant Doe in the amount of One Hundred Thousand Dollars ($100,000.00) in compensatory damages, and One Hundred Thousand Dollars ($100,000.00) in punitive damages, plus interest, costs, and reasonable attorney's fees.

I DO SOLEMNLY DECLARE and affirm under the penalties of perjury that the facts

stated hereinabove are true and correct to the best of my knowledge, information and belief.

_____
ANTHONY LOPES

Respectfully Submitted,

HECHT & ASSOCIATES, LLC

_____
Spencer M. Hecht   Bar # 484059
1100 Wayne Avenue
Suite 600
Silver Spring, Maryland 20910
P: 301-587-2099
F: 301-587-2044
Counsel for Plaintiff


## JURY TRIAL DEMAND

The Plaintiff, Anthony Lopes, by and though undersigned counsel, respectfully requests a

jury trial on all issues alleged herein.

_____
Spencer M. Hecht