UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY LOPES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JETSETDC, LLC, *et al.* )<br>)<br>Defendants. )<br>) | Case Number<br>1:13-cv-01550 RCL |

# MEMORANDUM OPINION

Two motions have been brought before the Court. Defendants Inner Circle 1420, LLC ("Inner Circle") and David McLeod ("McLeod") have filed a motion to dismiss [16] pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, asserting that plaintiff has failed to show that complete diversity exists among the parties under 28 U.S.C. § 1332(a). In response to defendants' motion to dismiss, plaintiff Anthony Lopes filed a motion for leave to amend his complaint [17] pursuant to Fed. R. Civ. P. 15(a) and 28 U.S.C. § 1653.

Upon consideration of plaintiff's motion [17], defendants' opposition [25], the reply thereto [28], and the record herein, the Court will GRANT plaintiff's Motion For Leave to File Second Amended Complaint. Further, upon consideration of the defendants' motion to dismiss [16], plaintiff's opposition [18], and the record herein, the Court will DENY defendants' motion to dismiss for lack of subject matter jurisdiction.

I.     **BACKGROUND**

Plaintiff Anthony Lopes ("Plaintiff") filed this suit against defendant JetSetDC, LLC, *et al.*, after an alleged assault and battery occurred on the premises of defendant Lotus Lounge DC ("Lotus Lounge"). Am. Compl. ¶ 13. Plaintiff is the owner and operator of an automated teller machine ("ATM") business and has had an ATM placed at Lotus Lounge since 2009. *Id.* at ¶ 11. On or about December 27, 2012, plaintiff was conducting a service visit at Lotus Lounge to service the ATM placed on the premises. After being admitted through the exit gate by security, defendant Jameka Ivy ("Ivy") confronted the plaintiff, asserting plaintiff needed her permission to walk past, and demanded that he pay an entrance fee. Am. Compl. ¶ 12. After the plaintiff involved the manager on duty, defendant Ivy yelled at the manager regarding dissatisfaction with the situation, and plaintiff was permitted to proceed to service the ATM. *Id.* at ¶ 12. After servicing the ATM, plaintiff once again needed to pass by defendant Ivy in order to leave the premises. When plaintiff attempted to pass defendant Ivy a second time she allegedly cursed at the plaintiff, hurled racially-charged insults, and demanded that she be paid the entrance fee. Am. Compl. ¶ 13. At this time, plaintiff removed his phone in order to take defendant Ivy's picture. In response, defendant Ivy slapped the phone from the plaintiff's hands, and began to punch the plaintiff with a closed fist numerous times in the face, head, and left eye, before security personnel pulled the two individuals apart. *Id.* at ¶ 13. Immediately following the physical altercation, plaintiff felt significant pain and swelling about his head, face, and left eye. Plaintiff went to retrieve his phone as defendant Ivy was deleting her picture from the phone, and he left defendant Lotus Lounge's premises. Am. Compl. ¶ 14.

Plaintiff alleges a number of negative physical and emotional effects from the incident and has sought treatment from ophthalmologists, a dentist, neurologist, and a mental health professional. Am. Compl. ¶ 15. Plaintiff now brings a number of claims against defendant Ivy

in her personal capacity and against her various employers: assault; battery; negligence; negligent hiring and retention; negligent supervision; respondeat superior/agency; and defamation. Am. Compl. ¶ 17 – 55.

On November 27, 2013, defendant Inner Circle and defendant McLeod moved to dismiss [16] pursuant to Fed. R. Civ. P. 12(b)(1), for failure to plead complete diversity of citizenship. In response to this motion to dismiss, plaintiff now moves for leave to amend his pleadings a second time, in an attempt to cure a jurisdictional deficiency, and plead that defendant McLeod is a resident and citizen of the state of Maryland.

## II. LEGAL STANDARD

### A. Motion for Leave to Amend a Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that the Court should freely grant a party leave to amend its pleading "when justice so requires." Rule 15(a)(2) is to be interpreted liberally, as "Congress intended to permit amendment broadly to avoid dismissal of suits on technical grounds." *Swan v, Clinton*, 100 F.3d 973, 980 (D.C. Cir. 1996). Indeed, "a district court should grant a motion to amend unless there is a clear and solid justification for denying it." *Monroe v. Williams*, 705 F. Supp. 621, 623 (D.D.C. 1988). Denying leave to amend without sufficient justification, such as undue delay, bad faith, or dilatory motive constitutes an abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Caribbean Broad. Sys. v. Cable & Wireless PLC*, 148 F.3d 1080, 1084 (D.C. Cir. 1998). The District of Columbia Circuit has also declined leave to amend where there have been repeated failures to cure pleading deficiencies by previous amendments or where permitting the amendment proposed would be futile to the proposing party's objective, such as pleading a valid claim. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

28 U.S.C. § 1653 provides that "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." *District of Columbia ex rel. American Combustion, Inc. v. Transamerica*, 797 F.2d at 1044 (D.C. Cir. 1986). This statutory provision is to be interpreted liberally, permitting a "party who has not proved, or even alleged, that diversity exists to amend his pleadings even as late as on appeal." *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006); *Loughlin v. United States*, 393 F.3d 155, 171 (D.C. Cir. 2004); *Harrison v. Norton*, 2004 U.S. App. LEXIS 9404, at *1 (D.C. Cir. 2004). The purpose of 28 U.S.C. § 1653 is to "permit amendment of incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Brown v. United States*, 2004 U.S. App. LEXIS 3338, at *2 (D.C. Cir. 2004). To properly establish diversity from an individual defendant, "it has been held repeatedly that an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.3 (D.C. Cir. 1983).

**B. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A defendant may move to dismiss a complaint or a claim therein, for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182, (1936); *Bernard v. U.S. Dept. of Def.*, 362 F. Supp. 2d 272, 277 (D.D.C. 2005).

A Rule 12(b)(1) motion "imposes on the Court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority" and "[f]or this reason, the plaintiff's factual allegations in the complaint will bear closer scrutiny [than] in resolving a Fed. R. Civ. P. 12(b)(6) motion." *Grand Lodge of the FOP v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). The Court "should accept as true all of the factual allegations contained in the complaint," but the Court "is not limited to the allegations contained in the complaint … to determine whether it has jurisdiction over the case, the Court may consider materials outside the pleadings." *Lipsman v. Sec'y of the Army*, 257 F. Supp. 2d 3, 6 (D.D.C. 2003). The Court should "draw all reasonable inferences in the nonmovant's favor," but "need not accept as true legal conclusions cast as factual allegations." *Id.* at 7.

The "District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of the different States." 28 U.S.C. § 1332(a)(1). "Citizenship is an essential element of federal diversity jurisdiction; failing to establish citizenship is not a mere technicality. The party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action." *Novak v. Capital Management and Development Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006); *see also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983). Further, "diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff. Thus the presence of just one nondiverse plaintiff … destroys diversity jurisdiction under § 1332." *In re Lorazepam & Clorazepate Antitrust Litig. v. Mylan Labs.*, 631 F.3d 537, 541 (D.C. Cir. 2011).

### III. ANALYSIS

There are two separate motions before the Court that will be addressed in this memorandum: (1) plaintiff's motion for leave to file a second amended complaint; and (2) defendants' motion to dismiss for lack of subject matter jurisdiction. They will be addressed in turn. As an initial matter, the Court grants plaintiff's motion for leave to file a second amended complaint pursuant to Fed. R. Civ. P. 15(a) and 28 U.S.C. § 1653. Further, the Court finds that plaintiff's counsel did not violate Fed. R. Civ. P. 11(b) for failure to conduct a reasonable pre-filing inquiry under the circumstances. Finally, the Court finds that although plaintiff did violate Local Rule 7.1(m) by failing to confer with opposing counsel prior to filing a nondispositive motion, the Court will not deny plaintiff's motion for leave to amend based on this violation.

Having granted plaintiff's motion for leave to amend, the Court hereby denies defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The Court holds that plaintiff's second amended complaint [17] properly pleaded facts to establish complete diversity of citizenship between plaintiff and defendants McLeod and Inner Circle under 28 U.S.C. § 1332(a). Further, the Court reserves judgment on defendants' request to have defendant Lotus Lounge DC dismissed from the case, and grants limited discovery to the plaintiff.

**A. Plaintiff's motion for leave to amend should be granted under Fed. R. Civ. P. 15(a) and 28 U.S.C. § 1654**

The Court should freely grant a party leave to amend its pleading "when justice so requires," Fed. R. Civ. P. 15(a), denying leave only when clear justification exists, such as futility, bad faith, undue delay, or dilatory motive. *Monroe*, 705 F. Supp. at 623. The plaintiff's motion for leave to amend is not futile, as the factual allegations contained in the second amended complaint would cure a jurisdictional deficiency and support subject matter jurisdiction

for the Court by establishing complete diversity between the parties. *Caribbean Broad. Sys*, 148 F.3d at 1084. Further, the timing of the motion does not suggest that any undue delay will occur, nor that it will unfairly prejudice the defendants. Finally, no evidence of bad faith or dilatory motive has been presented to the court. In sum, no justification exists "for the court to depart from the common practice that motions to amend be freely given." *Firestone*, 76 F.3d at 1208.

In his first amended complaint, plaintiff failed to allege a state of residence and citizenship for defendant McLeod. Plaintiff corrects this error in his second amended complaint by alleging that defendant McLeod is a resident and citizen of the state of Maryland. Sec. Am. Compl. ¶ 8. This proposed amendment is the kind contemplated by 28 U.S.C § 1653, and plaintiff's motion for leave to amend shall be granted.

**B. Plaintiff did not violate Fed. R. Civ. P. 11(b) by failing to conduct a reasonable inquiry under the circumstances.**

Defendants have alleged that plaintiff has violated Fed. R. Civ. P(11)(b). Fed. R. Civ. P. 11(b) provides that a reasonable inquiry under the circumstances must be undertaken before presenting to the court a pleading or written motion. It is an objective test: "whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim." *Washington Bancorporation v. Said*, 812 F. Supp. 1256, 1275 (D.D.C. 1993). A representation to the court must have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for discovery. Fed. R. Civ. P. 11(b)(3); *see also Shekoyan v. Sibley Int'l*, 409 F.3d 414, 426 (D.C. Cir. 2005).

Defendants have alleged that plaintiff has violated Fed. R. Civ. P(11)(b) for inconsistent allegations regarding defendant McLeod's residency, and a failure to inquire as to the ownership of the establishment where the alleged events occurred. The defendants have no presented no

evidence to the Court suggesting that the factual contentions contained in the complaint do not have evidentiary support, or are not likely to have evidentiary support after a reasonable opportunity for discovery. Plaintiff has filed a motion for leave to file a second amended complaint that cures a jurisdictional deficiency relating to the defendants, which would support subject matter jurisdiction for this court. Further, plaintiff asserts that he was able to discern that defendant Inner Circle maintains an ownership interest in Lotus Lounge DC, the business where the alleged events took place, and seeks to determine if any additional ownership interests exist. The Court cannot say that plaintiff's inquiry under the circumstances prior to filing was unreasonable. For the aforementioned reasons, the Court holds that no violation of Fed. R. Civ. P. 11(b) occurred.

### C. Plaintiff did violate Local Civil Rule 7.1(m), but the Court will not deny the plaintiff's motion for leave to amend on those grounds.

Defendants note in their motion to dismiss that plaintiff failed to comply with Local Rule 7.1(m) when filing his motion for leave to amend. Local Civil Rule 7.1(m) provides that "before filing any non-dispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel." The D.C. Circuit has defined a dispositive motion as "a motion that, if granted, would result either in the determination of a particular claim on the merits or elimination of such a claim from the case. *Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F.3d 1207, 1215 (D.C. Cir. 1997). Plaintiff's motion for leave to amend does not meet this standard, and thus is not a dispositive motion. Local Civil Rule 7.1(m) "clearly states that that it applies to *any* non-dispositive motion," and while plaintiff's motion may be "closely intertwined" with a dispositive motion, this argument has been explicitly rejected by this Court. *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 27 (D.D.C. 2001); *Center for Auto*

*Safety v. National Highway Traffic Safety Administration*, 93 F. Supp. 2d 1, 12 (D.D.C. 2000) (no exception for nondispositive motions which happen to relate to dispositive motions).

Although plaintiff breached Local Civil Rule 7.1(m), the Court will grant his motion for leave to amend the complaint. This court has a "general judicial preference for resolving motions on their merits rather than dismissing them on technicalities." *Niedermeier*, 153 F. Supp. 2d at 27. As a final matter, the Court declines to award plaintiff attorney's fees pursuant to Local Rule 54.2(c). Plaintiff violated Local Civil Rule 7.1(m), and it is not an unreasonable burden to require that plaintiff respond to defendants' opposition to the motion.

**D. Defendants' motion to dismiss for lack of subject matter jurisdiction is denied, as complete diversity between the parties exists under 28 U.S.C. § 1332.**

Defendants McLeod and Inner Circle have filed a motion to dismiss [16] pursuant to Fed. R. Civ. P. 12(b)(1) for lack of complete diversity among the parties under 28 U.S.C. § 1332. Defendants assert that plaintiff's first amended complaint failed to plead a state of residence and citizenship for defendant McLeod. Subsequent to the defendants filing their motion to dismiss, the plaintiff sought leave from the Court to file a second amended complaint [17], which this Court has granted.

Plaintiff's second amended complaint sought to cure jurisdictional deficiencies by pleading that defendant McLeod is a resident and citizen of the state of Maryland, and providing the Court with a specific address of residence in Maryland. These factual claims were not contested by the defendants in their opposition to the motion [25], and the Court has not been presented with any evidence to the contrary. As such, plaintiff's second amended complaint pleads facts sufficient to establish complete diversity between plaintiff and defendant McLeod under 28 U.S.C. § 1332(a) and amount in controversy exceeding $75,000. The Court concludes

that the second amended complaint pleads sufficient facts to establish jurisdiction, and defendant McLeod's motion to dismiss for lack of subject matter jurisdiction is denied.

Defendant Inner Circle 1420, a Limited Liability Company ("LLC"), has also sought to have the case dismissed for lack of subject matter jurisdiction. 28 U.S.C. § 1332 does not specify the citizenship status for non-corporate legal persons. The Supreme Court "has long maintained a bright-line rule limiting corporate citizenship to corporations." *C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 190 (1990). Non-corporate entities "are analogized to partnerships, which carry the citizenship of their members. *Id.* at 195-96. The District of Columbia and "every court that has addressed the citizenship status of LLCs has held unequivocally that LLCs do not enjoy corporate citizenship." *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 180 (D.D.C. 2003). As an LLC, "diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

Plaintiff's second amended complaint pleads that defendant McLeod is a resident and citizen of the state of Maryland. Sec. Am. Compl. ¶ 8. The complaint further pleads that defendant McLeod is the owner and operator of defendant Inner Circle 1420, LLC. *Id.* at ¶ 8. These factual allegations are not contested by the defendants in opposition to the motion for leave to amend [25]. Further, defendants have not raised the argument that additional members, not diverse from plaintiff, comprise defendant Inner Circle's membership. Defendant McLeod's status as owner and operator of defendant Inner Circle is sufficient to constitute membership. An LLC carries the citizenship of its members. *C.T. Carden*, 494 U.S. at 190. Defendant Inner Circle carries the citizenship of the state of Maryland. Complete diversity exists among the parties and defendant Inner Circle's motion to dismiss is hereby denied.

**E. The Court reserves judgment on the ultimate issue of whether a trade name or alias is a proper party to a suit, and grants plaintiff limited jurisdictional discovery to discern whether additional ownership interests exist in defendant Lotus Lounge DC.**

Defendants have argued that co-defendant Lotus Lounge DC should be dismissed from the case on the grounds that it is not a proper, distinct party to the case under Fed. R. Civ. P. 17(b). Rule 17(b) provides that an individual who is not acting in a representative capacity may sue or be sued by the law of the individual's domicile; corporations may sue and be sued by the law under which the corporation was organized; and for all other parties, they may sue or be sued by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(1)-(3). Defendants argue that Lotus Lounge is not a person, it is not a corporation, and as a trade name or alias, it must be dismissed from the lawsuit. Def.s' Mot. Dismiss 4.

Plaintiff requests discovery to "confirm the real party or parties in interest with respect to defendant Lotus Lounge DC [18]", and relies on Fed. R. Civ. P. 17(a)(3) which provides that "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Plaintiff's reliance on Fed. R. Civ. P. 17(a)(3) is misplaced, however. The focus of Rule 17's "real party in interest inquiry is whether the party bringing the action is the same party that is legally … aggrieved. The real party in interest is the person holding the substantive right sought to be enforced." *Toussaint v. Howard Univ.*, 2005 U.S. Dist. LEXIS 38738 (D.D.C. 2005). This provision "applies only to prosecuting in the name of the real party in interest, and has nothing to do with failing to identify the appropriate defendant." *Smith v. Janey*, 664 F. Supp. 2d 1, 8 n.3 (D.D.C. 2009).

The Court reserves judgment on the ultimate issue of whether a trade name or alias is a proper party to a lawsuit under District of Columbia law. The D.C. Code is silent on the issue,

and the Court's research revealed a dearth of on-point case law. The Court is, however, persuaded by the plaintiff's request for limited discovery to determine whether any additional ownership interests exist in Lotus Lounge DC that might be proper parties to this suit. Further, at this very early stage of the proceedings, the Court believes it is premature to dismiss defendant Lotus Lounge from the case.

Therefore, the Court will allow limited discovery in this case to facilitate its evaluation of defendants' motion to dismiss defendant Lotus Lounge DC from the case. Such discovery will be limited to the development of those facts necessary to determine what, if any, additional ownership interests exist in Lotus Lounge DC. The Court will order the defendant to respond fully to plaintiff's requests within 14 business days.

## IV. CONCLUSION

For the aforementioned reasons, the Court will GRANT plaintiff's Motion for Leave to File Second Amended Complaint, and the Court will DENY plaintiff's request for attorney's fees pursuant to Local Rule 54.2(c).

The Court will DENY defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, as plaintiff has successfully pleaded complete diversity between the parties in the second amended complaint, and the Court has subject matter over the case.

It is further ORDERED that defendants shall respond fully to plaintiff's discovery requests limited to the development of those facts necessary to determine what, if any, additional ownership interests exist in Lotus Lounge DC within 14 days.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, U.S. District Judge, on February 19, 2014.