UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  | ) |  |
|---|---|---|
| **ANTHONY LOPES** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number |
| | ) | 1:13-cv-01550 RCL |
| **JETSETDC, LLC,** *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Defendants JetSetDC, LLC ("JetSetDC"), Corey Lawrence Moxey ("Moxey"), and Mark Spain ("Spain") have brought before the Court this motion to dismiss [26] from a tort action filed by Plaintiff Anthony Lopes ("Plaintiff"). Defendants advance several arguments in support of their motion: (1) the Court does not have subject matter jurisdiction over the case; (2) the Court has not acquired personal jurisdiction over defendant Spain; (3) insufficient service of process; and (4) plaintiff's failure to state a claim upon which relief can be granted.

Upon consideration of defendants' motion [26], plaintiff's opposition thereto [31], the record herein, and applicable case law, the Court will DENY defendants' motion to dismiss.

**I.  BACKGROUND**

Plaintiff Anthony Lopes ("Plaintiff") filed this suit against defendant JetSetDC, LLC, *et al.*, after an alleged assault and battery occurred on the premises of defendant Lotus Lounge DC ("Lotus Lounge"). Sec. Am. Compl. ¶ 15. Plaintiff is the owner and operator of an automated teller machine ("ATM") business and has had an ATM placed at Lotus Lounge since 2009. *Id.*

at ¶ 13. On or about December 27, 2012, plaintiff visited Lotus Lounge to conduct a service visit for the ATM placed there. After being admitted through the exit gate by security, defendant Jameka Ivy ("Ivy") confronted the plaintiff, asserting that plaintiff needed her permission to walk past, and demanding he pay an entrance fee. Sec. Am. Compl. ¶ 14. After the plaintiff involved the manager on duty, defendant Ivy yelled at the manager regarding dissatisfaction with the situation, and plaintiff was permitted to proceed to service the ATM. *Id.* at ¶ 14. After servicing the ATM, plaintiff once again needed to pass by defendant Ivy in order to leave the premises. When plaintiff attempted to pass defendant Ivy a second time she allegedly cursed at the plaintiff, hurled racially-charged insults, and demanded that she be paid the entrance fee. Sec. Am. Comp. ¶ 15. At this time, plaintiff removed his phone in order to take defendant Ivy's picture. In response, defendant Ivy slapped the phone from the plaintiff's hands, and began to punch the plaintiff with a closed fist numerous times in the face, head, and left eye, before security personnel pulled the two individuals apart. *Id.* ¶ 15. Immediately following the physical altercation, plaintiff felt significant pain and swelling about his head, face, and left eye. Plaintiff went to retrieve his phone as defendant Ivy was deleting her picture from the phone, and he left defendant Lotus Lounge's premises. Sec. Am. Compl. at ¶ 14.

Plaintiff alleges a number of negative physical and emotional effects from the incident and has sought treatment from ophthalmologists, a dentist, neurologist, and a mental health professional. Sec. Am. Compl. ¶ 17. Plaintiff now brings a number of claims against defendant Ivy in her personal capacity and against her various employers: assault; battery; negligence; negligent hiring and retention; negligent supervision; respondeat superior/agency; and defamation. Sec. Am. Compl. ¶ 19 – 57.

On December 18, 2013, defendants JetSetDC, Moxey, and Spain moved to dismiss. On January 6, 2014, plaintiff filed timely opposition to the motion to dismiss. Defendants did not file a reply to plaintiff's opposition.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A defendant may move to dismiss a complaint or a claim therein, for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182, (1936); *Bernard v. U.S. Dept. of Def.*, 362 F. Supp. 2d 272, 277 (D.D.C. 2005).

A Rule 12(b)(1) motion "imposes on the Court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority" and "[f]or this reason, the plaintiff's factual allegations in the complaint will bear closer scrutiny [than] in resolving a Fed. R. Civ. P. 12(b)(6) motion." *Grand Lodge of the FOP v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). The Court "should accept as true all of the factual allegations contained in the complaint," but the Court "is not limited to the allegations contained in the complaint … to determine whether it has jurisdiction over the case, the Court may consider materials outside the pleadings." *Lipsman v. Sec'y of the Army*, 257 F. Supp. 2d 3, 6 (D.D.C. 2003). The Court should "draw all reasonable inferences in the nonmovant's favor," but "need not accept as true legal conclusions cast as factual allegations." *Id.* at 7.

The "District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of the different States." 28 U.S.C. § 1332(a)(1). "Citizenship is an essential element of federal diversity jurisdiction; failing to establish citizenship is not a mere technicality. The party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action." *Novak v. Capital Management and Development Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006); *see also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983). Further, "diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff. Thus the presence of just one nondiverse plaintiff … destroys diversity jurisdiction under § 1332." *In re Lorazepam & Clorazepate Antitrust Litig. v. Mylan Labs*., 631 F.3d 537, 541 (D.C. Cir. 2011).

### B. Motion to Dismiss for Lack of Personal Jurisdiction

Fed. R. Civ. P. 12(b)(2) provides that a party may assert the defense that the court lacks personal jurisdiction over the party in question. When a defendant makes a timely objection to the Court's exercise of jurisdiction over his person, "the general rule is that a plaintiff must make a prima facie showing of the pertinent jurisdictional facts." *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988); *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 5 (D.D.C. 2003).

When the Court's jurisdiction over the matter arises from diversity among the parties, "personal jurisdiction over the defendant is coextensive with that of the District of Columbia." *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004). The District of Columbia long-arm statute provides that:

> A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising

> from the person's -- (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia; (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business [in the District]…

D.C. Code. Ann. § 13-423(a) (1981). Once the "literal terms of the long-arm statute have been satisfied," a plaintiff must still show that the exercise of personal jurisdiction is within the permissible bounds of the Due Process Clause through a showing that the defendant purposefully established minimum contacts with the District of Columbia, and that the exercise of personal jurisdiction over the defendant will not offend traditional notions of fair play and substantial justice. *Helmer*, 393 F.3d at 205; *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000).

When a "plaintiff is faced with a motion to dismiss for lack of personal jurisdiction," he is "entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *Diamond Chem. Co.*, 268 F. Supp. at 15. The D.C. Circuit's "standard for permitting jurisdictional discovery is quite liberal;" jurisdictional discovery is proper so long as a party demonstrates that it can supplement its jurisdictional allegation." *Diamond Chem. Co.*, 268 F. Supp. at 15; *GTE New Media Servs.*, 199 F.3d at 1351. But "a plaintiff must have at least a good faith belief that such discovery" will allow it to establish personal jurisdiction. *Diamond Chem. Co.*, 268 F. Supp. 2d at 15; *Caribbean Broad. Sys., v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998).

### C. Motion to Dismiss for Insufficient Service of Process

Fed. R. Civ. P. 4 provides the requirements for service of process. Plaintiff is responsible for having the summons and complaint served within the allotted time, by a person who is at

least 18 years old and not a party to the case. Fed. R. Civ. P. 4(c). A summons must be attached to the complaint, and contain the name of the court and the parties; it must be directed to the defendant; it must state the name and address of the plaintiff's attorney, and the time within which the defendant must appear; it must notify the defendant of the consequences for failure to appear; it must be signed by the clerk and bear the court's seal. Fed. R. Civ. P. 4(a). Plaintiff must serve the defendant within 120 days after the complaint is filed, or seek an extension from the court for good cause. Fed. R. Civ. P. 4(m). An individual may be served by following state law, or by delivering a copy of the summons and complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

When serving a corporation, partnership, association, or unincorporated association, the party must be served in a judicial district of the United States, in the manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1).

### D. Motion to Dismiss for Failure to State A Claim

Fed. R. Civ. P. 12(b)(6) provides that a party may assert the defense that the plaintiff has failed to state a claim upon which relief can be granted. A complaint "should not be dismissed for failure to state a claim unless, taking as true the facts alleged in the complaint, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rochon v. Gonzalez*, 438 F.3d 1211, 1216 (D.C. Cir. 2006); *Caribbean Broad. Sys.,* 148 F.3d at 1086. This is the appropriate standard, as "the issue presented by

6

a motion to dismiss is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Caribbean Broad Sys.,* 148 F.3d at 1086. To survive a motion to dismiss "the pleadings must suggest a plausible scenario that shows that the pleader is entitled to relief." *Jones v. Horne*, 634 F.3d 588, 595 (D.C. Cir. 2009); *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations are not necessary to withstand a Rule 12(b)(6) motion … a plaintiff must furnish more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. ANALYSIS

Defendants advance a number of arguments in favor of their motion to dismiss. Each will be addressed in turn. As an initial matter, the Court hereby DENIES defendants' motion to dismiss. The Court finds that subject matter jurisdiction exists under 28 U.S.C. § 1332, as complete diversity exists between the parties. The Court finds that service of process was sufficient for all named defendants in the motion. Further, the Court finds that it may exert personal jurisdiction over defendant Spain, as there was no deficiency in service of process, and the defendant was physically serviced in the District of Columbia. Finally, the Court finds that plaintiff has pleaded sufficient facts to withstand a motion to dismiss for failure state a claim upon which relief can be granted.

### A. Defendants' motion to dismiss for lack of subject matter jurisdiction is denied, as complete diversity between the parties exists under 28 U.S.C. § 1332.

Defendants first assert that the Court lacks subject matter jurisdiction over the case under 28 U.S.C. § 1332(a). Defendants argue that plaintiff failed to plead the citizenship status for members of defendants JetSetDC and Inner Circle 1420, two limited liability companies ("LLCs"), and because of this deficiency, complete diversity does not exist between the parties. Def.s' Mot. Dismiss 3. 28 U.S.C. § 1332 does not specify the citizenship status for non-corporate legal persons. The Supreme Court "has long maintained a bright-line rule limiting corporate citizenship to corporations." *C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 190 (1990). Non-corporate entities "are analogized to partnerships, which carry the citizenship of their members. *Id.* at 195-96. The District of Columbia and "every court that has addressed the citizenship status of LLCs has held unequivocally that LLCs do not enjoy corporate citizenship." *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 180 (D.D.C. 2003). As an LLC, "diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

The Court believes that plaintiff's second amended complaint [17] pleads facts sufficient to establish complete diversity between plaintiff and defendant Inner Circle. Plaintiff pleads that defendant David McLeod is a resident and citizen of the state of Maryland, and that he is the owner and operator of defendant Inner Circle 1420, LLC. Sec. Am. Compl. at ¶8. These factual claims were not contested by defendants in their opposition to plaintiff's motion for leave to amend [25], and the Court has not been presented with any evidence to the contrary. Further, defendants do not argue that defendant Inner Circle is comprised of members other than defendant McLeod. Defendant McLeod's status as owner and operator of defendant Inner Circle is sufficient to constitute membership in the LLC, and the LLC carries the citizenship of the state of Maryland. *C.T. Carden*, 494 U.S. at 190

Plaintiff's second amended complaint also pleads facts sufficient to establish complete diversity between plaintiff and defendant JetSetDC, LLC. Defendants do not argue that plaintiff has failed to plead the requisite citizenship status for all members of defendant JetSetDC. Defendants argue that plaintiff's second amended complaint is "devoid of any allegation of the citizenship" of the LLC members. Def.s' Mot. Dismiss 5. Plaintiff pleads that defendants Moxey and Spain are owners, operators, and alter egos of defendant JetSetDC. Sec. Am. Compl. ¶ 4. Plaintiff further pleads that defendant Moxey is a citizen and resident of Washington, D.C., and that defendant Spain is a citizen and resident of the state of Maryland, providing a specific address of residence for each defendant. *Id* at ¶ 5-6. These factual allegations are not contested. As an LLC carries the citizenship of its members, defendant JetSetDC carries the citizenship of Maryland and Washington, D.C.

Complete diversity exists between the plaintiff and defendants Inner Circle 1420, LLC and JetSetDC, LLC. Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

### B. Defendants' motion to dismiss due to insufficient service of process for defendants JetSetDC, Spain, and Moxey is denied.

Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(5), asserting insufficiency of service of process for all three named defendants in the motion. The Court will address the issue of sufficient service of process prior to the issue of personal jurisdiction over defendant Spain, as service of process may impact the Court's ability to exercise personal jurisdiction over the defendant.

Defendants contend that service of defendant JetSetDC, LLC was deficient due to the fact that service of process was not made to the company's registered agent, Paul W. Gardner, but

rather to defendant Spain, who is not designated or authorized to receive service of process. Def.s' Mot. Dismiss 8. Fed. R. Civ. P. 4(h)(1)(B) provides that service of a corporation, partnership, or association can be accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appoint or by law to receive service of process." This manner of service also applies to LLCs. *Estate of Klieman v. Palestinian Auth.*, 547 F. Supp. 2d 8, 13 (D.D.C. 2008).

Generally, "service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable, and just to imply the authority on his part to receive service." *Estate of Klieman*, 547 F. Supp. 2d at 13. Plaintiff pleads that defendant Spain is one of two individuals comprising the membership of JetSetDC, LLC, that he is an owner, operator, and alter-ego of JetSetDC, and holds a substantial amount of stock in the company. Sec. Am. Compl. ¶ 14. Plaintiff has pleaded sufficient facts to establish that defendant Spain is an officer or managing agent of defendant JetSetDC. By personally delivering a copy of the summons and complaint to an owner, operator, and alter ego of the defendant LLC, "there is no doubt that [the defendant company] was adequately informed of the commencement of this action," and that service of process upon him comports with Fed. R. Civ. P. 4(h)(1) for the purposes of serving defendant JetSetDC, LLC. *Flynn v. Pulaski Constr. Co.*, 2006 U.S. Dist. LEXIS 1680, at *12 (D.D.C. 2006).

Defendants further contend that defendant Spain was not properly served with a complaint and summons in accordance with Rule 4, arguing that he simply did not receive the complaint and summons from the process server. Def.s' Mot. Dismiss 9. The defendants fail to substantiate or elaborate, at any length, on the claim that defendant Spain was not personally served on November 2, 2013 at 1:30AM outside of 1720 I. Street, NW, Washington, D.C. The

record shows no evidentiary support for this claim. The record contains signed and sworn affidavits [19, 20, 21] stating, under penalty of perjury, that defendants Spain, Moxey, and JetSetDC were personally served copies of the complaint and summons in the District of Columbia. These affidavits state that service of process was timely, and delivered by a person who is at least 18 years old and not a party to the case, in compliance with Rule 4(c) and Rule 4(m). Further, the affidavits satisfy Rule 4(l)(1)'s requirement that proof of service be made to the Court. *Mann v. Castiel*, 681 F.3d 368, 373 (D.C. Cir. 2012). No evidence has been presented to the Court to suggest otherwise. Based on the record before it, service of process for defendant Spain was sufficient under Rule 4.

Finally, defendants contend that service of process for defendants Spain and Moxey was insufficient due to the fact that "the affidavit of service fails to state how the summons and complaint was served." Def.s' Mot. Dismiss 9. Again, defendants fail to substantiate at any length why an affidavit's failure to describe the service of process itself is grounds for quashing the service of process. A substantive description of how the summons and complaint were served is not found in the requirements of a summons under Rule 4(a), nor is it found under the requirements for proof of service under Rule 4(l). As noted *supra*, the record shows signed and sworn affidavits in compliance with Rule 4. Absent evidence to the contrary, service of process for defendants Spain and Moxey was sufficient.

Defendants' motion to dismiss on the grounds that service of process for defendants JetSetDC, Spain, and Moxey was insufficient is denied

### C. The Court may exercise personal jurisdiction over defendant Mark Spain, and defendants' motion to dismiss for lack of personal jurisdiction is denied.

The Court finds it unnecessary to conduct an analysis of whether the corporate veil should be pierced for purposes of determining whether the Court may exercise personal jurisdiction over defendant Spain. Service of process for defendant Spain was valid, and occurred on November 2, 2013, outside of 1720 I St. NW, Washington, D.C. 20006. Thus, "physical service of process on the individual" occurred within the District of Columbia and "is clearly sufficient to support the Court's exercise of personal jurisdiction over him." *Overseas Partners v. Progen Musavirlik Ve Yonetim Hizmetleri*, 15 F. Supp. 2d 47, 51 (D.D.C. 1998) (that a member of foreign LLC was physically served within the District was clearly sufficient to establish personal jurisdiction). A Court's exercise of "jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of traditional notions of fair play and substantial justice." *Burnham v. Superior Court of California*, 495 U.S. 604, 619 (1990); *see also Begun v. Auvongazeb*, 695 A.2d 112, 113-14 (D.C. 1997). Indeed, there is a "formidable body of precedent" that "reflects the near-unanimous view that service of process confers state-court jurisdiction over a physically present nonresident, regardless of whether he was only briefly in the State or whether the cause of action is related to his activities there." *Burnham*, 495 U.S. at 606. The Court may exercise personal jurisdiction over defendant Spain, and the motion to dismiss is denied.

### D. Defendants' motion to dismiss for failure to state a claim upon which relief can be granted is denied, as plaintiff has pleaded sufficient facts under the alter ego doctrine.

Defendants' final grounds for dismissal is the argument that plaintiff has failed to plead a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Specifically, defendants

assert that plaintiff's claims of negligence, negligent hiring and retention, negligent supervision, and respondeat superior/agency, as brought against defendants Spain and Moxey, must be dismissed because they are based solely on defendants' status as members of an LLC, and that no facts have been pleaded to justify piercing the corporate veil. Def.s' Mot. Dismiss 9.

Generally, courts do not have "jurisdiction over individual officers and employees of a corporation just because the court has jurisdiction over the corporation." *Overseas Partners v. Progen Musavirlik Ve Yonetim Hizmetleri*, 15 F. Supp. 2d 47, 51 (D.D.C. 1998). This rule applies to LLCs. *Ruffin v. New Destination, LLC*, 773 F. Supp. 2d 34 (D.D.C. 2010). But an exception exists: under certain circumstances, a Court may pierce the corporate veil. Courts typically reserve this action "for the rare circumstances in which an individual or corporation abuses the corporate form or exerts undue influence over a corporate entity to accomplish an improper or unlawful purpose." *Amore v. Accor N. Am. Inc.*, 529 F. Supp. 2d 85, 93 (D.D.C. 2008).

As there is no federal interest implicated in this case, and the plaintiff seeks to pierce the corporate veil for purposes of allocating state tort liabilities, the state law "where a corporation is incorporated, or where the alleged corporate wrongdoing occurred" guides the Court's veil-piercing analysis. *United States ex rel. Small Business Admin. V. Pena*, 731 F.2d 8, 12 (D.C. Cir. 1984); *Amore*, 529 F. Supp. 2d at 93. In the instant case, there is a question as to which state law should be applied: either the veil-piercing doctrine in the District of Columbia – where the events occurred – or in Maryland, where defendant JetSetDC, LLC was organized, and where its principal office is located. Under District of Columbia choice-of-law rules, "where a conflict exists between the laws of two jurisdictions, a court must conduct an 'interest analysis' in which it determines which jurisdiction's underlying policy would be most advanced by having its law

13

applied to the matter." *Amore*, 529 F. Supp. 2d at 93; *see also Kuhn & Kogan, Chtd. v. Jeffrey C. Mensh & Assocs., Inc.*, 77 F. Supp. 2d 52, 54 (D.D.C. 1999).

In the District of Columbia, generally, "the corporate entity will be respected, but a party may be permitted to pierce the corporate veil upon proof, that there is (1) unity of ownership and interest, and (2) use of the corporate form to perpetrate fraud or wrong, or other considerations of justice and equity justify it." *McWilliams Ballard, Inc. v. Broadway Management Co., Inc*., 636 F.Supp.2d 1, 11 (D.D.C. 2009); *Amore*, 529 F. Supp. 2d at 93. Under Maryland law, "a court may pierce the corporate veil only to prevent fraud or enforce a paramount equity." *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 552 (D. Md. 2010). In Maryland, the alter ego doctrine is not a separate basis for piercing the veil, but is rather subsumed "in the notion of paramount equity." *Brophy*, 771 F. Supp. 2d at 552; *Hildreth v. Tidewater Equipment Co., Inc*., 838 A.2d 1204, 1212-13 (Md. 2003). To pierce the corporate veil, plaintiff's well-pleaded allegations and evidence must be tantamount to fraud or invoke a paramount equity. *Brophy*, 771 F. Supp. 2d at 553.

The Court believes that no real conflict exists between veil-piercing doctrines in the District of Columbia and Maryland. The Court acknowledges that "Maryland is more restrictive than other jurisdictions in allowing a plaintiff to pierce a corporation's veil." *Horlick v. Capital Women's Care, LLC*, 896 F. Supp. 2d 378, 395 (D. Md. 2011). However, both doctrines are firmly grounded in notions of equity, and both Maryland and the District of Columbia recognize the alter ego theory as a means to pierce the corporate veil. The Court believes that no real conflict exists between the two jurisdictions, and it will proceed by applying the District of Columbia's law.

Plaintiff relies on the alter ego theory as justification for piercing the corporate veil to hold defendants Spain and Moxey personally liable. The D.C. Circuit has found it appropriate to pierce the veil when "the corporation, rather than being a distinct, responsible entity, is in fact the alter ego or business conduit of the person in control." *Labadie Coal Co. v. Black*, 672 F.2d 92, 97 (D.C. Cir. 1982); *Shapiro, Lifschitz & Schram, P.C. v. R.E. Hazard, Jr. Ltd. P'ship*, 90 F. Supp. 2d 15, 22 (D.D.C. 2006). Under the District's veil-piercing test, courts generally inquire as to "whether corporate formalities have been observed; whether there has been commingling of corporate and shareholder funds, staff and property; whether a single shareholder dominates the corporation; whether the corporation is adequately capitalized; and, especially, whether the corporate form has been used to effectuate a fraud." *Ruffin v. New Destination, LLC*, 773 F. Supp. 2d 34, 41 (D.D.C. 2011). But the inquiry ultimately rests on whether "the corporation is, in reality, an alter ego or business conduit of the person in control." *Id.* at 41.

Plaintiff pleads that defendants Spain and Moxey are the "owners and operators of JetSet, and are alter egos of this corporation." Sec. Am. Compl. ¶ 4. Plaintiff further pleads that "substantial ownership of corporate stock is concentrated in one person or a few persons, corporate formalities have been disregarded, and other factors support disregarding the corporate entity." *Id.* at ¶4. The Court believes, taking them as true, that plaintiff has pleaded sufficient facts to withstand defendants Rule 12(b)(6) motion to dismiss. The Court recognizes that plaintiff's pleaded facts in support of piercing the corporate veil are minimal, but the Court believes it is difficult for the plaintiff, at this stage, to obtain substantive information in support of his contention. A claim should be dismissed only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rochon*, 438 F.3d at 1216. To survive, the pleading must "suggest a plausible scenario" entitling

relief, *Jones*, 634 F.3d at 595, and must allow the court "to draw the reasonable inference that the defendant is liable." *Ashcroft*, 556 U.S. at 678. The Court believes that plaintiff has met this requirement, albeit barely, and "is entitled to offer evidence to support [his] claims." *Caribbean Broad Sys.,* 148 F.3d at 1086. Thus, defendants' motion to dismiss for failure to state a claim upon which relief can be granted is denied.

## IV. CONCLUSION

For the aforementioned reasons, the Court will DENY defendants' Motion to Dismiss. A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, U.S. District Judge, on February 19, 2014.