# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ANTHONY LOPES** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**JETSETDC, LLC,** *et al.* )<br>)<br>**Defendants.** )<br>) | **Case Number<br>1:13-cv-01550 RCL** |

## MEMORANDUM OPINION

Defendants Inner Circle 1420, LLC and David McLeod have brought before the Court a motion to dismiss [40] from a tort action filed by Plaintiff Anthony Lopes ("plaintiff"), alleging that the Court lacks subject matter jurisdiction over the case for want of complete diversity between the parties.

Upon consideration of defendants' motion [40], plaintiff's opposition [43], defendants' reply [44], and the record herein, the Court hereby finds that an **EVIDENTIARY HEARING** is necessary prior to ruling on defendants' motion. The Court has by separate Order [46] **GRANTED** plaintiff limited discovery on the issue of defendant McLeod's state of domicile. Finally, the Court has by separate Order [46] **DENIED** plaintiff's request for attorney's fees.

### I. BACKGROUND

In the interest of brevity, the Court will limit its recitation of facts to those that are in dispute and pertain to the issue of diversity. The Court will not set forth the full facts surrounding plaintiff's various claims, as they do not implicate the issue central to defendant's motion.

Plaintiff pleaded that defendant David McLeod was a resident and citizen of the state of Maryland, and that complete diversity existed between plaintiff and all named defendants. Pl.'s Sec. Am. Compl. ¶ 8. Defendants challenged this pleading, asserting that defendant McLeod is a resident and citizen of the state of Virginia, and thus complete diversity does not exist, depriving the Court of jurisdiction. Def.s' Mot. Dismiss 1. In support, defendants submitted several exhibits to establish that McLeod resided in an apartment in Arlington, Virginia from April 23 – October 14, 2013. Def.s' Mot. Dismiss Exs. 1 – 4. Defendants further submit via counsel that McLeod presently resides at the same Arlington apartment, and that McLeod intends to remain in Virginia indefinitely. Def.s' Mot. Dismiss at 1.

Plaintiff filed timely opposition [43] to the motion, submitting evidence to establish that McLeod currently owns residential property in the state of Maryland, and that McLeod also maintains an active Maryland driver's license. Pl.'s Opp. Exs. 1 – 2. Plaintiff contends this is sufficient to establish that McLeod is a citizen of Maryland. In the alternative, plaintiff seeks discovery on the issue of McLeod's citizenship. Pl.'s Opp. at 5.

## II.     ANALYSIS

### I.     Motion to Dismiss for Lack of Subject Matter Jurisdiction

A defendant may move to dismiss a complaint or a claim therein for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction … it is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983). Such a motion "imposes on the Court an affirmative obligation to ensure" it has jurisdiction over the matter, and thus the Court must scrutinize the complaint's

factual allegations more closely than on a Rule 12(b)(6) motion. *Grand Lodge of the FOP v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). The Court may examine materials outside of the complaint, *Scandinavian Sattelite Sys. v. Prime TV Ltd.*, 291 F.3d 839, 844 (D.C. Cir. 2002), and should "draw all reasonable inferences in the nonmovant's favor," but it "need not accept as true legal conclusions cast as factual allegations." *Lipsman v. Sec'y of the Army*, 257 F. Supp. 2d 3, 7 (D.D.C. 2003). Should the defendant challenge the factual basis for the Court's jurisdiction, the Court may not deny the defendants' motion simply by "assuming the truth of the facts alleged by the plaintiff and disputed by the defendant." *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000). Rather the Court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." *Id.* at 40.

### 1. An evidentiary hearing is necessary to properly rule on defendant's Rule 12(b)(1) motion to dismiss.

The Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of the different States." 28 U.S.C. § 1332(a)(1). The element of diversity of citizenship is essential, *Novak v. Capital Management and Development Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006), and failure to establish diversity between plaintiff and all defendants deprives the Court of jurisdiction. *In re Lorazepam & Clorazepate Antitrust Litig. v. Mylan Labs.*, 631 F.3d 537, 541 (D.C. Cir. 2011). When "legitimate questions are raised as to the existence of diversity, the plaintiff bears the burden of proving by a preponderance of the evidence that diversity exists." *Bettis v. Montgomery*, 701 F. Supp. 256, 258 (D.D.C. 1989). Simply averring that the opposing party is domiciled in a different state is insufficient. *Id.* at 258.

Defendant McLeod has alleged that he is a citizen of Virginia. "Citizenship depends upon domicile, and, as domicile and residence are two different things, it follows that citizenship is not determined by residence." *Shafer v. Children's Hosp. Soc. of Los Angeles, Cal.*, 265 F.2d 107, 122 (D.C. Cir. 1959); *see Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905) (residence and citizenship are "wholly different things" within the meaning of regulating jurisdiction of the courts); *Bettis*, 701 F. Supp. at 258 (domicile, not residence controls whether diversity exists between two parties); *see also* Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3611 (1984). A person's domicile is determined by two factors: (1) physical presence in a state; and (2) an intent to remain there for an indefinite period of time. *Prakash v. American Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984).

Any analysis of a party's domicile "must be fact-specific." *Wagshal v. Rigler*, 947 F. Supp. 10, 13 (D.D.C. 1996). Courts have generally accepted as indicia of domiciliary status current residence, a sworn declaration of domicile, voting registration, home ownership, ownership of personal property, automobile registration, a driver's license, bank accounts, and club membership. *Id.* at 13; *Naegele v. Alberts*, 355 F. Supp. 2d 129, 135 (D.D.C. 2005); *Mayer Brown LLP v. Dulcich, Inc.*, 2013 U.S. Dist. LEXIS 28748, at *4 (D.D.C. 2013). But "while residency is indicative of domicile, it is not determinative." *Naegele*, 355 F. Supp. 2d at 134; *Wagshal*, 947 F. Supp. 13. It must be accompanied by an intent to remain indefinitely. In many instances, a party's intent can be discerned, at least partially, from facts set forth in submitted documents. *Prakash*, 727 F.2d at 1180. But when a party "expressly declares his intent, and the opposing written submissions do not demonstrate the falsity of the declaration with reasonable certainty," it becomes an issue of the declarant's credibility. *Id.* at 1180; *Naegele*, 355 F. Supp. 2d at 135.

The Court finds the facts at issue to be similar to those in *Prakash*. Defendant McLeod alleges that he is, and has been, a resident and citizen of the state of Virginia. Def.'s Mot. Dismiss at 1. Defendants offered evidence to establish McLeod's residence in Virginia from April 2013 – October 2013, and an assertion that he presently lives in the same residence and intends to remain indefinitely. Def.s' Mot. Dismiss at 5. In opposition, plaintiff offered evidence of McLeod's ownership of residential property and use of an active driver's license, both in the state of Maryland. Pl.'s Opp. Exs. 1-2. Defendants counter that McLeod's parents reside at the home he owns in Maryland, and that his Maryland driver's license has yet to expire, rendering application for a Virginia license unnecessary. Def.s' Reply at 3. Succinctly, defendant submitted evidence of McLeod's residence and his intent to remain indefinitely, and plaintiff submitted written evidence to contradict the "stated intent of the party whose domicile is in dispute." *Naegele*, 355 F. Supp. 2d at 135 (citing *Prakash*, 727 F.2d at 1179).

Plaintiff's written submissions offered in opposition are not sufficient to show "with reasonable certainty" the falsity of defendant's declaration, *Prakash*, 727 F.2d at 1179, and the Court may not rest its decision on the paper record before it. *Id.* at 1180. An evidentiary hearing is necessary to adequately assess the credibility of defendant McLeod and render a sound decision on defendant's intent. *Id.* at 1180.

### 2. The Court grants plaintiff limited discovery on the issue of defendant McLeod's state of domicile.

The Court's analysis does not end with a determination that an evidentiary hearing is necessary for disposition of defendant's motion. Plaintiff must have "ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Phoenix Consulting*, 216 F.3d at 40 (quoting *Prakash*, 727 F.2d at 1179-80); *Gordon v. Nat'l Youth Work Alliance*, 675
5

F.2d 356, 363 (D.C. Cir. 1982). When a defendant challenges the factual basis for the Court's subject matter jurisdiction via Rule 12(b)(1), plaintiff must "be given an opportunity for discovery of facts necessary to establish jurisdiction." *Ignatiev v. United States*, 238 F.3d 464, 467 (D.C. Cir. 2001); *Loughlin v. United States*, 393 F.3d 155, 167 (D.C. Cir. 2004) ("Even in *Ignatiev*, however, we recognized that where 'facts [are] necessary to establish jurisdiction,' plaintiffs must be afforded the 'opportunity for discovery of [such] facts … prior to' the granting of a motion to dismiss for lack of subject matter jurisdiction."); *Collins v. New York Cent. System*, 327 F.2d 880, 883 (D.C. Cir. 1963); *Baptist Mem. Hosp. v. Johnson*, 603 F. Supp. 2d 40, 44 (D.D.C. 2009). But "where additional discovery would not 'be beneficial to [plaintiff's] establishment of jurisdiction,' discovery need not be granted prior to dismissal on jurisdictional grounds." *Baptist Mem. Hosp.*, 603 F. Supp. 2d at 44 (quoting *Cheyenne-Arapaho Tribes v. United States*, 517 F. Supp. 2d 365, 373 (D.D.C. 2007), aff'd No. 07-5399, 558 F.3d 592, 2009 U.S. App. LEXIS 5445 (D.C. Cir. 2009)).

Defendant challenged the factual basis for this Court's exercise of subject matter jurisdiction, asserting that he is a citizen of Virginia, not of Maryland. Further, discovery would be beneficial to plaintiff's establishment of jurisdiction. Plaintiff was able to proffer evidence that defendant McLeod owns a home in Maryland, and maintains an active driver's license in Maryland, two accepted indicia of domicile. Pl.'s Opp. Exs. 1-2. Discovery pertaining to defendant McLeod's domiciliary status could reasonably lead to additional evidence in support of plaintiff's assertion that subject matter jurisdiction exists.

The Court is granted "considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *Phoenix Consulting*, 216 F.3d at 40; *Prakash*, 727 F.2d at 1179-80. In order to ensure plaintiff has an adequate opportunity to uncover "facts

6

necessary to establish jurisdiction," *Ignatiev*, 238 F.3d at 467, the Court grants plaintiff's request for limited discovery pertaining to defendant McLeod's state of domicile.

As a final matter, the Court declines to award plaintiff attorney's fees.

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTED** plaintiff limited discovery on the issue of defendant David McLeod's state of domicile for forty-five (45) days, to be concluded on the date of May twenty-second (22), 2014.

The Court will hold an **EVIDENTIARY HEARING** on the issue of defendant McLeod's state of domicile to be held at 1400 (2:00PM EST), on May thirtieth (30), 2014.

The Court **DENIED** plaintiff's request for attorney's fees.

A separate Order consistent with this Memorandum Opinion issued on April 7, 2014.

Signed by Royce C. Lamberth, U.S. District Judge, on April 9, 2014.