UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTHONY LOPES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13-cv-1550 (RCL) |
| JETSETDC, LLC, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Before the Court are a number of subject matter jurisdiction-related motions. Included are the defendants David McLeod and Inner Circle, LLC's second motion to dismiss [40] ("McLeod motion to dismiss") and the defendants JetSetDC, LLC, Corey Moxey, and Mark Spain's (collectively, "JetSetDC defendants") second motion to dismiss [41] ("JetSetDC motion to dismiss"), the plaintiff's opposition [43], and the defendants McLeod and Inner Circle's reply [44] thereto; the defendants McLeod and Inner Circle's motion to stay the Court's discovery Order regarding the ownership of Lotus Lounge DC [42] ("McLeod motion to stay") and the plaintiff's opposition [45] thereto; and the plaintiff's motions for additional discovery [51] relating to McLeod's domicile and to shorten the time for McLeod to respond to the discovery motion [52]. Upon consideration of the parties' briefings on these various motions, the applicable law, and the entire record herein, the Court will GRANT the McLeod motion to dismiss [40], GRANT the JetSetDC motion to dismiss [41], GRANT the McLeod motion to stay [42] *nunc pro tunc*, and DENY the plaintiff's motions for additional discovery [51] and to shorten the time to respond [52] *nunc pro tunc*.

## I. BACKGROUND

Given that the background of this case has been provided in prior Memorandum Opinions issued in this case, *e.g. Lopes v. JetSetDC, LLC*, 994 F.Supp.2d 126, 129-130 (D.D.C. 2014), ECF No. 36, the Court will only recite those alleged facts that are most relevant to the jurisdictional questions at hand. According to the complaint, plaintiff Anthony Lopes "is the owner/operator of an [automated teller machine ('ATM')] business, and one of his own ATMs is located within [the] Lotus Lounge" nightclub in Washington, D.C. Second Am. Compl. ¶ 13, ECF No. 39. While visiting Lotus Lounge to service its ATM on or about December 27, 2012, the plaintiff alleges that defendant Jameka Ivy, who was working as a hostess at Lotus Lounge, verbally abused and physically attacked him, causing injuries. *Id.* ¶¶ 14-16.

The plaintiff, a citizen of Virginia, *id.* ¶ 1, brings suit in this federal Court against Ivy, Lotus Lounge, and five other purported defendants: Inner Circle, McLeod, JetSetDC, Moxey, and Spain. The complaint alleges that Inner Circle "owns and operates, or is trading as Lotus Lounge," *id.* ¶ 7, and that McLeod "is an owner and operator of Lotus Lounge and/or Inner Circle," *id.* ¶ 8. The plaintiff asserts that McLeod is a citizen of Maryland. *Id*. The complaint then pleads that JetSetDC "has a business relationship with Lotus Lounge[] [and] Inner Circle, [] and is thoroughly involved in the management, staffing, and events at Lotus Lounge." *Id.* ¶ 9. The plaintiff further alleges that Moxey and Spain "are the owners and operators of JetSet, and are alter egos of this corporation." *Id.* ¶ 4. The plaintiff claims that Moxey is a citizen of Washington, D.C., and that Spain is a citizen of Maryland. *Id.* ¶¶ 5, 6. Finally, the complaint alleges that that defendant Ivy was employed by "JetSet, Inner Circle, Lotus Lounge, and David McLeod, Spain and Moxey . . . as a hostess and as security personnel at Lotus Lounge.

Additionally, she is [d]efendant Moxey's niece." *Id.* ¶ 10.[1]  Unlike his contention that Inner Circle and JetSetDC are LLCs, the plaintiff does not plead a specific entity type for Lotus Lounge. *See id.* ¶ 3.

On February 26, 2014, the Court filed two Memorandum Opinions, ECF Nos. 36, 38, denying the defendants' respective motions to dismiss, ECF Nos. 16, 26, on the basis of the plaintiff's pleadings, and granted the plaintiff's motion for leave to file its Second Amended Complaint, *see* ECF No. 39.  Regarding Lotus Lounge's status as a defendant, the Court noted that it would reserve judgment on the issue of "whether a trade name or alias is a proper party to a lawsuit under District of Columbia law." 994 F. Supp. 2d at 135.  On March 12, defendants McLeod and Inner Circle filed a second motion to dismiss for lack of subject matter jurisdiction on diversity grounds, claiming that evidence clearly demonstrates that McLeod was a citizen of Virginia at all times relevant to this case.  ECF No. 40.  That same day, the JetSetDC defendants filed a second motion to dismiss that simply "request[ed] to adopt [the McLeod motion to dismiss] since the said motion form [sic] the basis of [the JetSetDC] motion to dismiss for lack of jurisdiction."  ECF No. 41.  In April, the Court issued an Order, ECF No. 46, and subsequent Memorandum Opinion, ECF No. 47, granting the plaintiff "limited discovery on the issue of defendant David McLeod's state of domicile" and setting an evidentiary hearing.  *See* 2014 WL 1388836, at *3-4.  The evidentiary hearing took place on July 11, 2014.  At the hearing, both parties submitted exhibits and plaintiff's counsel cross-examined McLeod on his domicile claims.[2]

---

[1] Paragraphs 9 and 10 of the Second Amended Complaint represent the full extent of the plaintiff's allegations of a connection between JetSetDC (and, accordingly, its members) and plaintiff's claimed injury.

[2] Defendant McLeod filed two additional exhibits that he cited at the July 11 hearing—a copy of his 2014-2015 lease and his mother's bank account statement—in a Notice of Filing on July 31, 2011. *See* Notice of Filing, ECF No. 55, Exs. 5, 6.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal quotation marks and citations omitted). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). The Court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Na'l Ins. Co. v. F.D.I.C.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks and citation omitted). But "[b]ecause subject-matter jurisdiction focuses on the [C]ourt's power to hear the claim . . . , the [C]ourt must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim." *Youming Jin v. Ministry of State Sec.*, 475 F. Supp. 2d 54, 60 (D.D.C. 2007). Importantly, "it has been long accepted that the [Court] may make appropriate inquiry beyond the pleadings to satisfy itself on authority to entertain the case." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

As the Court previously explained in its April Memorandum Opinion, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a)(1). "Citizenship is an essential element of federal diversity jurisdiction; failing to establish citizenship is not a mere technicality. The party seeking the

4

exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action." *Novak v. Capital Mgmt. and Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (internal quotation marks and citation omitted).

## III. ANALYSIS

### A. McLeod and Inner Circle are citizens of Virginia

The plaintiff pleads that McLeod is a citizen of Maryland, while McLeod contends that he, like the plaintiff, is a citizen of Virginia. *Compare* Second Am. Compl. ¶ 8, *with* McLeod motion to dismiss at 3. "When diversity of citizenship is the issue, the relevant evidence is that relating to the domiciles of the parties. Domicile is determined by two factors: physical presence in a state, and intent to remain there for an unspecified or indefinite period of time." *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984); *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). "In many instances, and perhaps in most, a party's intent will appear, at least in part, from facts established by documents" beyond the plaintiff's pleadings. *Prakash*, 727 F.2d at 1180.

In support of McLeod's purported Maryland domicile, the plaintiff sets forth two allegations: "McLeod currently has a valid Maryland driver's license and owns a home in Maryland." Pl.'s Opp'n at 2, ECF No. 43; *see also* Evidentiary Hr'g, July 11, 2014, Pl.'s Exs. 3 (deed, dated November 2006, in McLeod's name for property located in Germantown, Md.), 4 (McLeod's driver's license record from the Maryland Motor Vehicle Administration, indicating a July 2014 expiration date). McLeod concedes both of these facts. *See, e.g.*, Evidentiary Hr'g, Pl.'s Ex. 2 at 2-3 (McLeod's responses to requests for production). However, McLeod's Maryland driver's license and property are insufficient to overcome the contrary jurisdictional

5

evidence presented by the defendant at the July 11 hearing and in a Notice of Filing, ECF No. 55, docketed thereafter.

First, the Court finds McLeod's explanation for both the Maryland driver's license and property to be reasonable. To support his contention that he possesses a Maryland driver's license—and, additionally, Maryland license plates—*despite* the fact that he lives in Virginia, McLeod presents an Initial Request for Information from the Office of Commissioner of Revenue for Arlington County, Virginia. Evidentiary Hr'g, Defs.' Ex. 3. The request, dated March 19, 2014, states that McLeod's vehicle "appears to be garaged (regularly parked) at 4220 CAMPBELL AVE[, Arlington, Va.], but has not been registered with Arlington County." *Id.* Thus, it appears that McLeod—like, presumably, many individuals who have moved from one state to another state—has merely failed to change his driver's license and re-register his vehicle in Virginia. Regarding the Maryland property in the defendant's name, McLeod seeks to demonstrate that his parents—and not the defendant—are the actual residents of the home by presenting evidence that his mother, Beulah Hedgepesth, pays the property's utility and gas bills. In support of this assertion, McLeod provided the Court with Hedgepesth's 2013 bank statements. Notice of Filing, July 31, 2014, ECF No. 55, Defs.' Ex. 6. The bank statement lists Hedgepesth's address as 13221 Liberty Bell Ct., Germantown, Md. 20874—the same address listed on the Maryland property deed in McLeod's name. *Id.* at 3; Evidentiary Hr'g, Pl.'s Ex. 3 at 1. Moreover, Hedgepesth's 2013 payments to Pepco, the property's utilities provider, are identical to those listed on the Pepco bill under McLeod's name—a bill that plaintiff attained via subpoena. *Compare* Notice of Filing, Defs.' Ex. 6, *with* Evidentiary Hr'g, Pl.'s Ex. 6. Similarly, the three payments made from Hedgepesth's bank account to Washington Gas, the property's gas provider, during 2013 match the payments listed under the same dates on the "payment

transcript" provided to the plaintiff by Washington Gas, also pursuant to a subpoena.[3] *Compare* Notice of Filing, Defs.' Ex. 6, *with* Evidentiary Hr'g, Pl.'s Ex. 5.

Second, and most significantly, both McLeod and the plaintiff have provided the Court with copies of three residential leases for apartments in Virginia for 2012-2013, 2013-2014, and 2014-2015, respectively. *See* Evidentiary Hr'g, Defs.' Ex 1, Pl.'s Ex. 8 (2012-2013 lease); Evidentiary Hr'g, Pl.'s Ex. 7 (2013-2014 lease); Notice of Filing, Defs.' Ex. 5 (2014-2015 lease). All three leases are in McLeod's name, and the two most recent leases also include the name Samantha McLeod. *See* Evidentiary Hr'g, Pl.'s Ex. 7; Notice of Filing, Defs.' Ex. 5. At the hearing, McLeod stated that Samantha is his daughter—a contention the plaintiff did not refute.

"It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought'"; *i.e.* at the time of filing. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)). McLeod has demonstrated to this Court's satisfaction that he was physically present in Virginia with an intent to stay for an indefinite period at the time the plaintiff brought this lawsuit. On October 8, 2013, when plaintiff filed his first of three complaints, McLeod was physically present in Virginia. The defendant was six months into at least his second consecutive residential lease for an apartment in Virginia. *See* Evidentiary Hr'g, Pl.'s Ex. 7. However, "while residency is indicative of domicile, it is not determinative." *Naegele v. Albers*, 355 F. Supp. 2d 129, 134 (D.D.C. 2005); *see also Core VCT Plc v. Hensley*, No. 14-0074, 2014 WL 3610501, at *2 (D.D.C. July 23, 2014) ("[A] person may have multiple residences, but may have only one domicile."). As explained, domicile further requires an intent to stay. *Prakash*, 727 F.2d at 1180. McLeod's intent to remain in Virginia for an "unspecified or indefinite period

---

[3] The Court further notes that both McLeod's and Hedgepesth's names appear jointly on the property's Washington Gas account. *See* Evidentiary Hr'g, Pl.'s Ex. 5. Though on the gas bills, Hedgepesth's first name is spelled Veulah, not Beulah. *Id.*

of time," *id.*, is supported by the fact that McLeod had more than six months remaining on his lease when the plaintiff filed this suit on October 8, 2013, and is reinforced by McLeod's current lease for a Virginia apartment, which extends to April 2015. *See* Evidentiary Hr'g, Pl.'s Ex. 7; Notice of Filing, Defs.' Ex. 5.

The plaintiff's counsel has offered no evidence to counter McLeod's documentary proof and testimony that he has lived in Virginia from at least June 1, 2012 through the present day, and that he intends to remain there.[4] Moreover, the defendant's averment at the evidentiary hearing, under oath, that he lives in Virginia, coupled with the submitted residential leases for an apartment in Virginia, would sufficiently establish an abandonment of any Maryland domicile McLeod may have had at some point prior to this litigation. *Cf. Core VCT*, 2014 WL 3610501, at *2 ("[C]ourts apply a presumption of continuing domicile, so that domicile in one place remains until domicile in a new place is established."). Consequently, for the purposes of this lawsuit, McLeod is deemed to be a citizen of Virginia.

The plaintiff's Second Amended Complaint pleads that McLeod—and no other—is the "owner and operator of . . . Inner Circle," a limited liability company. Second Am. Compl. ¶ 8. As the Supreme Court explained in *C.T. Carden v. Arkoma Assocs.*, "diversity jurisdiction in a suit by or against [a non-corporate] entity depends on the citizenship of all the members." 494 U.S. 185, 195-96 (1990) (internal quotation marks and citation omitted); *see also Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 178 (D.D.C. 2003). Every judge of this Court that has confronted the issue has characterized an LLC as a non-corporate entity, carrying the

---

[4] McLeod's assertion in his response to the plaintiff's interrogatories, Evidentiary Hr'g, Pl.'s Ex. 1 at 3, and during the hearing that he lives in Virginia to maintain residency for his daughter's in-state college tuition could imply an intent to remain in the state temporarily. However, the plaintiff has presented no arguments or documents to contradict other evidence put forth by McLeod that demonstrates an intent to remain in Virginia indefinitely—*i.e.*, the residential leases and McLeod's sworn testimony at the evidentiary hearing. Thus, the plaintiff fails to meet its burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377.

citizenship of each of its members for diversity purposes. *E.g. Shulman v. Voyou, LLC*, 305 F. Supp. 2d 36, 40 (D.D.C. 2004) (collecting cases among other circuits that have held the same). Here, Inner Circle is considered a citizen of Virginia, since McLeod—the only pleaded member of the LLC—is a citizen of that state.[5]

Given that the plaintiff claims federal jurisdiction solely based on diversity, and the plaintiff is a citizen of the same state as both defendants McLeod and Inner Circle, the plaintiff has failed to meet the jurisdictional requirements necessary to bring this suit.

### B. Lacking Complete Diversity, This Case Is Dismissed

"When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 267 (1806)). The Supreme Court has, however, recognized the authority of district and circuit courts, pursuant to Federal Rule of Civil Procedure 21,[6] "to dismiss [only] so-called 'jurisdictional spoilers'—parties whose presence in the litigation destroys jurisdiction—if those parties are not indispensable and if there would be no prejudice to the [remaining] parties." *In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537, 542 (D.C. Cir. 2011) (citing *Newman-Green*, 490 U.S. at 830-32). But here, despite the plaintiff's three filed complaints and multiple rounds of briefing to date, there is nothing in the plaintiffs' pleadings or opposition briefs that addresses the dispensability of McLeod or Inner Circle. Without any indication that McLeod or Inner Circle is *not* an indispensable party, the Court will not invoke its discretionary authority to

---

[5] Assuming Lotus Lounge is not a corporation, *see* Second Am. Compl. ¶ 3, the Court would also find that it is a citizen of Virginia, among other states, since the plaintiff pleads that either McLeod or Inner Circle is a member of Lotus Lounge, *id.* ¶¶ 3, 8.

[6] "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

accept, for the plaintiff's benefit, "the fiction that Rule 21 relates back to the date of the [Second Amended] [C]omplaint." *In re Lorazepam*, 631 F.3d at 542 (D.C. Cir. 2011). And while it is true that joint and several liability is indicative of dispensability,[7] it is not enough merely to state joint and several liability, *see* Second Am. Compl. ¶¶ 22, 25, 29, 35, 39 49, without pleading any facts indicative of such divisible legal responsibility. Therefore, the Court dismisses the case in its entirety.[8]

## IV. CONCLUSION

Thus, for the foregoing reasons, the Court GRANTS the McLeod motion to dismiss, GRANTS the JetSetDC motion to dismiss, GRANTS the McLeod motion to stay *nunc pro tunc*, and DENIES the plaintiff's motions for additional discovery and to shorten the time to respond *nunc pro tunc*.[9]

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on October 8, 2014.

---

[7] *See Newman-Green*, 490 U.S. at 838 (noting that joint and several liability among the defendants meant that the nondiverse defendant was not indispensable to the suit).

[8] A desire for judicial efficiency also indicates that this suit would be much better resolved with all defendants present, rather than piecemeal between federal and state courts, as would occur if the Court only dismissed the plaintiff's claims as to McLeod and Inner Circle.

[9] While McLeod did not provide answers to many of the plaintiff's submitted interrogatories and requests for production, *see* Evidentiary Hr'g, Pl.'s Exs. 1, 2, the Court does not find that the defendant's incomplete responses alter the ultimate conclusion, following the July 11 evidentiary hearing, that he is a citizen of Virginia.